UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 13-cr-00818-PJH-4 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| | (COMPASSIONATE RELEASE) |
| JOSEPH PENNYMON, | |
| Defendant. | |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

**IT IS ORDERED** that the motion is:

**A.  ☐  GRANTED**

☐ The defendant's previously imposed sentence of imprisonment of            is reduced to

         . If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

☐ Time served.

If the defendant's sentence is reduced to time served:

☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release.  The defendant shall be released as soon as a residence is verified,

a release plan is established, appropriate travel arrangements are made, and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

B. ☐ **DEFERRED** pending supplemental briefing and/or a hearing.  The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

C. ☒ **DENIED** after complete review of the motion on the merits.

D. ☒ **FACTORS CONSIDERED (Optional),** if motion is Granted or Denied on the merits

   **1. No Extraordinary and Compelling Reasons to Warrant Reduction of Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)**

Section 3582(c)(1)(A)(i) does not define what constitutes "extraordinary and compelling circumstances."  The United States Sentencing Guidelines § 1B1.13 policy statement contains examples of such circumstances, though other circuit courts have recently held that § 1B1.13 is not applicable to defendant-filed motions for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  United States v. Brooker, 976 F.3d 228 (2nd Cir. 2020); see also United States v. McCoy, -- F.3d --, 2020 WL 7050097 (4th Cir. Dec. 2, 2020); United States v. Jones, -- F.3d --, 2020 WL 6817488 (6th Cir. Nov. 20, 2020); United States v. Gunn, -- F.3d --, 2020 WL 6813995 (7th Cir. Nov. 20, 2020).  However, the Ninth Circuit has not issued a similar ruling that § 1B1.13 is inapplicable.  In the absence of controlling authority from the Ninth Circuit, this court will not assume that § 1B1.13 is entirely "inapplicable."  In light in the evolving circuit court jurisprudence, the court considers § 1B1.13 to be "helpful guidance," even if not binding.  See United States v. Burrill, 445 F.Supp.3d 22, 24 n.2 (N.D. Cal. 2020) ("even courts which have found the provision to be outdated have held it continues to provide 'helpful guidance.'") (internal citation omitted).

Specifically, section 1B1.13 identifies physical or medical conditions that meet the "extraordinary and compelling" requirement as those where the defendant is (i) suffering from a terminal illness, or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  U.S.S.G. § 1B1.13, cmt. n.1(A).

Defendant Pennymon is 30 years old, and has provided documentation establishing that he has been diagnosed with eczema.  Dkt. 461, Ex. B.  However, eczema is not one of the conditions that has been identified by the CDC as a risk factor for COVID-19 complications.  See https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated Dec. 1, 2020).

Pennymon also contends that he suffers from asthma, but he has not provided documentation establishing that he has received that diagnosis.  In the absence of documentation, the court cannot find that defendant has the type of "moderate to severe" asthma that would put him at increased risk of severe illness due to COVID-19.  Further, in the presentence investigation report, Pennymon "reported that he has never had any significant health concerns."  Dkt. 373, ¶ 50.  On this record, Pennymon's medical condition does not constitute an extraordinary and compelling reason for a reduction of sentence.  18 U.S.C. § 3582(c)(1)(A)(i).

Pennymon also contends that his family circumstances – specifically, the need to care for his 11-year-old daughter – constitute extraordinary and compelling circumstances.  The court may consider defendant's family circumstances when determining whether extraordinary and compelling circumstances justify a reduction in sentence.  See, e.g., U.S.S.G. § 1B1.13 cmt. n.1(C).   However, on the facts presented in defendant's motion, the court finds that the circumstances are not so extraordinary and compelling as to warrant a reduction in sentence.

Overall, on this record, defendant has not established that extraordinary and compelling reasons warrant a reduction of his sentence.  18 U.S.C. § 3582(c)(1)(A)(i).

**2.  Applicable 18 U.S.C. 3553(a) Factors** *(Mark all that apply)*

☒ The nature and circumstances of the offense pursuant to 18 U.S.C. § 3553(a)(1):
  ☒ Mens Rea   ☒ Extreme Conduct   ☐ Dismissed/Uncharged Conduct
  ☒ Role in the Offense         ☐ Victim Impact
  ☒ *Specific considerations:*  Defendant "agreed with others to kill a man," "fired shots at Victim-1 as he was standing at a bus stop" and as the victim ran away, defendant "gave chase and again fired at him."  Dkt. 345 at 5.  The victim sustained a gunshot wound to the head and almost died as a result.  Defendant's offenses were intentional, very serious, and created a substantial danger to the public.

☒  The history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1):
  ☐ Aberrant Behavior            ☐ Lack of Youthful Guidance
  ☐ Age                          ☐ Mental and Emotional Condition
  ☐ Charitable Service/Good Works ☐ Military Service
  ☐ Community Ties               ☐ Non-Violent Offender
  ☐ Diminished Capacity          ☐ Physical Condition
  ☐ Drug or Alcohol Dependence   ☐ Pre-sentence Rehabilitation

☐ Employment Record  ☐ Remorse/Lack of Remorse
☒ Family Ties and Responsibilities  ☒ Other: *(Specify):* Defendant has submitted evidence of good behavior in prison. Dkt. 461, Ex. A; Dkt. 455-1.

☐ Issues with Criminal History: *(Specify)*

- ☒ To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense *(18 U.S.C. § 3553(a)(2)(A))*
- ☒ To afford adequate deterrence to criminal conduct *(18 U.S.C. § 3553(a)(2)(B))*
- ☐ To protect the public from further crimes of the defendant *(18 U.S.C. § 3553(a)(2)(C))*
- ☐ To provide the defendant with needed educational or vocational training *(18 U.S.C. § 3553(a)(2)(D))*
- ☐ To provide the defendant with medical care *(18 U.S.C. § 3553(a)(2)(D)) (Specify)*
- ☐ To provide the defendant with other correctional treatment in the most effective manner *(18 U.S.C. § 3553(a)(2)(D))*
- ☒ To avoid unwarranted sentencing disparities among defendants *(18 U.S.C. § 3553(a)(6)) (Specify):* Defendant's sentence of 216 months imprisonment was already significantly below his total Guideline sentence range of 288-330 months imprisonment. Defendant's motion seeks a reduction in sentence to 84 months served (based on defendant having been in federal custody since January 8, 2014, see Dkt. 470 at 1)[1]. Such a reduction would create an unwarranted disparity among defendants who have been found guilty of similar conduct.
- ☐ To provide restitution to any victims of the offense *(18 U.S.C. § 3553(a)(7))*
- ☒ *Specific considerations*: As mentioned above, the underlying offenses of shooting a victim at a public bus stop and continuing to shoot at him as he ran away are very serious and created a substantial danger to the public. Defendant's total Guidelines sentence range was between 288 to 330 months imprisonment. His ultimate sentence of 216 months was well below the Guidelines range. A further reduction to under 84 months (or approximately 90 months, using defendant's calculation) would not reflect the seriousness of the offenses, which include attempted murder, and would create unwarranted sentence disparities. These factors are also relevant to any analysis under U.S.S.G. § 1B1.13 and 18 U.S.C. § 3142(g).

---

[1] Defendant's motion states that he has served "approximately 7 and a half years" of his sentence. Dkt. 460 at 2. Even using defendant's calculation, the court finds that a sentence of approximately 90 months would create unwarranted sentencing disparities, given that defendant's Guideline sentence range was 288-330 months imprisonment.

Case 4:13-cr-00818-PJH   Document 472   Filed 12/23/20   Page 6 of 6

6

**E.** ☐ **DENIED WITHOUT PREJUDICE** because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

**IT IS SO ORDERED.**

Dated:  December 23, 2020

*/s/ Phyllis J. Hamilton*
Phyllis J. Hamilton
UNITED STATES DISTRICT JUDGE