UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>    v.<br>JOSEPH PENNYMON,<br>    Defendant. | Case No. 13-cr-00818-PJH-4<br><br>**ORDER TO SHOW CAUSE**<br>Re: Dkt. No. 518 |

Before the court is the motion of defendant Joseph Pennymon, appearing pro se, for an order under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. See Dkt. 518.

Under 28 U.S.C. § 2255, a federal prisoner may file a motion to vacate, set aside, or correct a sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

The court conducts a preliminary review of this motion to determine whether it presents a cognizable claim for relief and requires a response by the government. A district court must summarily dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

Defendant is currently serving a 216-month sentence that was imposed after he pled guilty to the following three counts: (1) count one, for racketeering conspiracy in violation of 18 U.S.C. § 1962(d), (2) count two, for attempted murder in aid of

racketeering in violation of 18 U.S.C. § 1959(a)(5), and (3) count five, for discharge of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii). See Dkt. 345.

Defendant's current motion argues that recent Supreme Court decisions have changed the law with respect to the definition of a "crime of violence," and thus argues that neither count one or count two can serve as the predicate offense for a "crime of violence" conviction. Dkt. 518 at 6-7. Defendant requests that the court vacate his judgment as to count five and adjust his sentence accordingly. Id. at 7.

Specifically, defendant points to the Supreme Court decisions in United States v. Davis, 139 S.Ct. 2319 (2019), and United States v. Taylor, 142 S.Ct. 2015 (2022). Defendant first argues that Davis held that a conspiracy does not categorically meet the definition of a "crime of violence." Dkt. 518 at 10-12. Defendant then argues "with the issuance of Taylor, there now exist no predicate offenses that may serve as crimes of violence capable of supporting a § 924(c) enhancement." Id. at 12-13. Defendant further presents arguments for the retroactive application of Taylor. See id. at 7-10.

Based on the court's preliminary review, defendant has presented a cognizable claim for relief, and his motion warrants a response from the government. Accordingly, the court orders the government to show cause why the requested relief should not be granted. The government shall file with the court and serve on defendant, within 49 days of the date of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2255 Proceedings, showing cause why the court should not "vacate, set aside, or correct the sentence" on defendant's claims. If defendant wishes to reply to the government's response, he shall do so by filing a reply with the court within 35 days of the date the response is filed.

**IT IS SO ORDERED.**

Dated: August 5, 2022

                                               /s/ *Phyllis J. Hamilton*
                                     PHYLLIS J. HAMILTON
                                     United States District Judge